**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

# LETTER OPINION

November 30, 2006

Brian F. Curley
35 Airport Road
Suite 330
P.O. Box 1314
Morristown, NJ 07962
*Attorney for Plaintiff*

David W. Carroll
Parker McCay, PA
1009 Lenox Drive
Building Four East
Suite 102A
Lawrenceville, NJ 08648
*Attorney for Defendants*

      Re:    Diaz v. Bd. of Ed. of the Twp. of S. Brunswick, et al.
             Civil Action No. 05-4667 (WJM)

Dear Counsel:

      This matter comes before the Court on Defendants' motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 to (1) dismiss Plaintiff's First Amendment claims as they relate to certain postings on her classroom bulletin board; (2) declare that Plaintiff is a public figure for the purpose of her defamation claims; and (3) dismiss the state statutory claims in the Sixth Count of the Complaint.  The motion is opposed and oral arguments were held on November 28, 2006.

      During oral arguments Plaintiff agreed to voluntarily dismiss the state statutory claims in the Sixth Count of her Complaint (paragraphs106-108); so Defendant's motion as to these claims is **GRANTED**.  Also, as discussed during oral arguments, because there are material facts in dispute as to Plaintiff's first amendment claims as they relate to certain postings on her classroom bulletin board and related discussions, Defendants' motion for summary judgment as to those claims is **DENIED WITHOUT PREJUDICE**.  This Letter Opinion will, therefore, address the sole remaining part of Defendants' motion for summary judgement asking the Court to declare Plaintiff a limited figure for

the purpose of her defamation claims.  For the reasons explained below, the Court **GRANTS** this part of the motion and declares Plaintiff a limited public figure for the purpose of her defamation claims.

I.      **Background**

The Court declines in this Letter Opinion to outline all of the background facts at issue and will briefly describe those facts relevant to the determination of Plaintiff's status as a limited public figure for the purpose of her defamation claims.  Plaintiff was employed by Defendants as a school teacher pursuant to a one year contract for the 2004-2005 school year; she was assigned to the Crossroads South Middle School teaching 7th and 8th grade language arts.  Following a dispute about postings and discussions in her classroom related to American history, politics and the 2004 Presidential election, Plaintiff engaged in meetings with Defendants about the dispute and their decision that she must remove the postings from her classroom.   During one of these meetings, on October 1, 2004, Defendants claim (and Plaintiff disputes) that Plaintiff volunteered she had to leave the meeting because a newspaper reporter was coming to meet with her; Plaintiff admits she did contact a newspaper.  Following the meeting, Plaintiff gathered various belongings from the classroom including the postings and left the building.

The next morning, October 2, 2004, the New York Post published an article in which Plaintiff contends that she was threatened with termination because of her political views.  On October 3, 2004 the Central New Jersey Home News Tribune published a lengthy article about the situation, in which Plaintiff again asserted that she was threatened with termination because of her political views.  Plaintiff is quoted extensively in the articles.  The school district had no immediate response to either article other than to say it was a "personnel matter at the school" and that no one had resigned, been fired or suspended.  Plaintiff was interviewed on October 3, 2006 on the ABC News television program "Good Morning America" in a five-minute segment about the incident, and was also featured on an October 4, 2006 broadcast of the Fox News television program, "The O'Reilly Factor."  On the afternoon of October 3, 2004, Defendant McCartney issued a press release about the incident and this press release is the basis of Plaintiff's defamation claims.

II.     **Standard for Summary Judgment under Rule 56**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment.  *See Anderson*, 477 U.S. at 247-48.  If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.     Discussion**

In determining if a person is a public figure for the purposes of a defamation claim, the Court must consider "(1) whether the alleged defamation involves a public controversy, and (2) the nature and extent of Plaintiff's involvement in that controversy." *McDowell v. Paiewonsky*, 769 F.2d 942, 948 (3d Cir. 1985).  A public controversy is "a real dispute, the outcome of which affects the general public or some segment of it." *Id.* (citing *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1296 (D.C. Cir. 1980)).  More specifically, "[i]f the issue was being debated publicly and if it had foreseeable and substantial ramifications for nonparticipants, it was a public controversy." *Waldbaum* at 1297.

People involved in a public controversy become "limited purpose public figures" (who, although not well known throughout the country or on every issue, are sufficiently involved in one particular area to qualify as a public figure for that purpose) when they have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1077 (3d Cir. 1988) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)).  Voluntary injection into a public controversy can often be assumed from the "performance of purposeful acts that propel an individual into a public controversy." *Id.* at 1079.  While there is no threshold number of necessary acts, a father's appearance on two national talk shows was sufficient for a Court to consider him a public figure in the context of a media discussion on child snatching and fathers. *See Anderson v. The Rocky Mountain News*, No. 85-2114, 1988 U.S. App. Lexis 19304 at *5 (10th Cir. July 7, 1988).

In this instance, Plaintiff herself first solicited media attention in order to publicize her position that she was a teacher disciplined for supposedly partisan political views.  In addition to print publicity in major metropolitan newspapers, Plaintiff also appeared on two nationally televised news programs to discuss the matter.  Moreover, this incident and publicity occurred in fall 2004 during the height of the heated Presidential campaign.  Plaintiff contends that her incident was not a "particular public controversy," but, rather, "a temporary and ephemeral public curiosity."  However, it is clear from both the way the story was reported in the news media and the extent of national interest in her story that it touched on the national political division approaching the election.  To that end, at least one of the print stories dwelled upon Plaintiff's status as a Republican in a Democratic stronghold.  Although Plaintiff's story may not have caught public attention outside of an election cycle, because of its particular timeliness, it was clearly a public controversy and she a limited purpose public figure.

**IV.     Conclusion**

In sum, Defendants' motion for summary judgment on the state statutory claims in the Sixth Count (paragraphs 106-108) of the Complaint is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**.  Furthermore, Defendants' motion for summary judgment as to Plaintiff's First Amendment claims as they relate to certain postings on her classroom

bulletin board is **DENIED WITHOUT PREJUDICE**.  Finally, because Plaintiff injected herself into the public controversy that involved the incident on which Defendants' press release commented, the Court finds that she is a limited public figure for the purposes of her defamation claims in this action.  Therefore, Defendants' motion for summary judgement to declare Plaintiff a public figure for the purposes of her defamation claims in this action is **GRANTED** and the Court declares Plaintiff a limited public figure for the purposes of her defamation claims in this action.

s/ William J. Martini
**William J. Martini, U.S.D.J.**
